**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael Joseph HOLMES,**
**Defendant–Appellant.**

**No. 01–30193.**
**D.C. No. CR–01–00033–GMK.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2001 *.

Decided Nov. 7, 2001.

---

8. RCW 26.44.030.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CHOY, SKOPIL, and FERGUSON, Circuit Judges.

## MEMORANDUM **

Michael Holmes pleaded guilty to three counts of unarmed bank robbery. He contends on appeal that the district court erred by adjusting his offense level based on a finding that he made threats of death during commission of the crimes. We reject that contention and we affirm.

## DISCUSSION

The Sentencing Guidelines provide for a two-level adjustment to a defendant's base offense for robbery "if a threat of death was made." U.S.S.G. § 2B3.1(b)(2)(F). The commentary explains that the threat "may be in the form of an oral or written statement, act, gesture, or combination thereof." U.S.S.G. § 2B3.1, comment. (n.6). The threat does not, however, need to be express. *See id.* All that is required is that the defendant "engaged in conduct that would instill in a reasonable person, who is the victim of the offense, a fear of death." *Id.*

Holmes argues that his demand notes indicating that he had a gun are insufficient to constitute threats of death. He correctly observes that in *United States v. France,* 57 F.3d 865, 867 (9th Cir.1995), we did not decide "whether § 2B3.1(b)(2)(F) would apply to a defendant who announced during the robbery that he had a gun." We again conclude that it is not necessary to decide whether the statement "I have a gun" is sufficient, standing alone, to warrant the adjustment. As the district court noted, there are additional factors in this case that support the adjustment. Those factors include Holmes's demand for compliance so that "no one will get hurt," his agitated response when one teller did not immediately comply, and his apparent willingness to escalate his behavior by physically struggling with a teller to obtain the money. Together with the fact that Holmes announced that he had a gun, these additional acts, gestures, and aggressive behavior support the district court's finding that threats of death was made. We do not agree with Holmes's contention that these additional factors amounted to nothing more than intimidation. Accordingly, we affirm the district court's judgment.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.